IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2017

**IN RE DAMIEN G. M.**

**Appeal from the Juvenile Court for Bradley County**
**No. J-12-219  Kurt Andrew Benson, Substitute Judge**

————————————————————

**No. E2016-02063-COA-R3-PT**

————————————————————

CHARLES D. SUSANO, JR., J., dissenting.

The first referral in this matter occurred on October 31, 2014. It involved "drug exposure of [Damien and his older sibling]." On December 15, 2014, there was a second referral to DCS, again for "drug exposure." Methadone and methamphetamine were involved in the children's care, or, more aptly, their non-care.

On April 17, 2015, Damien's hair follicle drug screen was "positive for methamphetamine and amphetamine." Damien's "drug life" continued. When DCS was considering the placement of Damien with his father, the father tested "positive for methamphetamine."

After attending the required five chemical dependency support group meetings, father "continued to fail random drug tests." Mr. Peters testified that he last requested a drug screen around March 2016.

The saga goes on. As recited by the majority,

> [o]n June 17, 2015, Mr. Peters met with Father to discuss his lack of progress and positive drug screens. Father stated that his positive screens were due to Mother breaking into his residence and contaminating his tea with methamphetamine. He also opined that his positive screens could be the result of his consumption of energy drinks. On or about June 25, 2015, the trial court allegedly adjudicated Damien to be dependent and neglected due to Father's illegal drug use. Also on June 25, 2015, the trial court ratified the April 20, 2015 permanency plan, finding the goals and responsibilities to be appropriate and reasonably related to the reasons the child came into DCS custody.

(Footnote omitted.)  The excuses given by father with respect to his failed drug tests strain credulity.  His explanations are preposterous.  The fact that he would use them tells me that we are dealing with a practicing drug addict.

I would hold that DCS proved by clear and convincing evidence that father failed to substantially comply with his permanency plan.  I also find that there is clear and convincing evidence that termination of father's parental rights is in Damien's best interest.

I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE